UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EARLIE B.A. BERRY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04166-JMS-DML |
| | ) | |
| WEXFORD MEDICAL COMPANY, | ) | |
| L. FRYE, | ) | |
| DUSHAN ZATECKY, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Motion for Leave to Proceed *In Forma Pauperis***

Indiana Department of Correction (IDOC) inmate Earlie B.A. Berry, Jr., is prolific litigant who is subject to the "3-Strike" provision of 28 U.S.C. § 1915(g). He has now filed twenty-five civil actions in this district since January 2007, fifteen of them in the last two years. Mr. Berry has been on notice since 2007 that because three or more of his civil actions have been dismissed for failure to state a claim upon which relief can be granted, he is not allowed to proceed *in forma pauperis* unless he faces an imminent danger of serious physical injury. *See id.*; *Berry v. Knight*, No. 1:07-cv-00336-LJM-TAB, at dkt. 4 (S.D. Ind. March 19, 2007) (listing cases).

In the instant case, Mr. Berry seeks injunctive relief in the form of requiring the IDOC staff to follow medical and IDOC policy and provide disabled inmates with medical accommodations. His suit flows from an incident in April 2019 when he was taken from his cell, not allowed his leg braces, was handcuffed behind his back, and not allowed to bring his inhaler. Mr. Berry wants a notice posted on his cell door informing IDOC staff about his disabilities and giving them instructions on how to treat him. In essence, Mr. Berry wants a notice on his cell door telling IDOC and medical staff to follow their own policies.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the "threat or prison condition [must be] real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed. *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003). Before denying leave to proceed IFP, courts must review a frequent filer's well-pled allegations to ensure that the prisoner is not in imminent danger. *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998).

*Ciarpaglini v. Saini*, 352 F. 3d 328, 330 (7th Cir. 2003).

The Court has reviewed Mr. Berry's *pro se* complaint, giving it a liberal interpretation. It is true that sometime in the future IDOC staff might again remove Mr. Berry from his cell and not accommodate his disabilities, but this possibility is too tenuous to be *imminent*. Mr. Berry does not plead an *imminent* real and proximate danger of serious physical injury. Therefore the exception to § 1915(g)'s 3-strike prohibition is unavailable to Mr. Berry and he cannot pursue this case *in forma pauperis*.

The motion for leave to proceed *in forma pauperis*, dkt. [2], is **denied**. Mr. Berry shall have through **November 8, 2019**, to pay the $400 filing fee for this action to the clerk of the district court. Should the filing fee remain unpaid after that date this action shall be dismissed and final judgment entered without further notice.

 **IT IS SO ORDERED**.

 Date: 10/11/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Earlie B.A. Berry, Jr.
932151
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064