UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EARLIE B.A. BERRY, JR., ) | |
|    ) | |
|             Plaintiff, ) | |
|    ) | |
|         v. ) | No. 1:19-cv-04166-JMS-DML |
|    ) | |
| WEXFORD MEDICAL COMPANY, ) | |
| L. FRYE, ) | |
| DUSHAN ZATECKY, ) | |
|    ) | |
|             Defendants. ) | |

**Order on Reconsideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis***

Earlie B.A. Berry, Jr., an Indiana Department of Correction inmate, filed this 42 U.S.C. § 1983 action on October 10, 2019. Dkt. 1. With his complaint he sought *in forma pauperis* status. Dkt. 2. The Court, having considered an Order of this Court entered March 19, 2007, in *Berry v. Knight*, No. 1:07-cv-00336-LJM-TAB (S.D. Ind.), that gave notice to Mr. Berry that he is a "three-strike" litigant pursuant 28 U.S.C. § 1915(g) and ineligible for *in forma pauperis* status in the future, denied the motion for leave to proceed *in forma pauperis* on that basis. Mr. Berry was directed to pay the entire filing fee. Dkt. 5.

Since that Order was entered on October 11, 2019, the Court has *sua sponte* examined what type of dismissals are considered "strikes" under § 1915(g) in light of recent Seventh Circuit Court of Appeals decisions. "Strikes" are accrued when the entire action is dismissed specifically for one of the three reasons espoused in § 1915(g) – (1) failure to state a claim upon which relief may be granted, (2) frivolous, or (3) malicious. *See generally, Turley v. Gaetz,* 625 F.3d 1005, 1008-13 (7th Cir. 2010). Other reasons for dismissal do not count as "strikes." *Id.* In examining the cases relied on in the Order in Mr. Berry's 2007 action, it is clear that none of the three were dismissed

on a § 1915(g) basis. Thus they cannot count as "strikes." Accordingly, the Court on its own motion rescinds its order of October 11, 2019 (dkt. 5), denying Mr. Berry's motion for leave to proceed *in forma pauperis* on § 1915(g) grounds.

Re-examining the motion for leave to proceed *in forma pauperis* filed October 10, 2019, the Court finds that it is not supported by a statement of Mr. Berry's inmate trust fund financial transactions for the six-month period preceding the commencement of this action as required by 28 U.S.C. § 1915(a)(2). Dkt. 2. The transaction statement Mr. Berry provided is for a six-month period ending April 24, 2019, approximately six months before this action began. Dkt. 2-1, p. 2.

Mr. Berry shall have through **December 16, 2019**, in which to renew his motion for leave to proceed *in forma pauperis* that is properly supported with a copy of his inmate trust account financial transactions for the period April 10, 2019, through October 10, 2019.

The now-pending motion for leave to proceed *in forma pauperis*, dkt. [2], is therefore **denied without prejudice**. Mr. Berry's complaint will be screened pursuant to 28 U.S.C. § 1915A after resolution of the filing fee issue.

**IT IS SO ORDERED**.

Date: 11/15/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Earlie B.A. Berry, Jr.
932151
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064