UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EARLIE B.A. BERRY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-04166-JMS-DML |
| ) | |
| WEXFORD MEDICAL COMPANY, ) | |
| L. FRYE, ) | |
| DUSHAN ZATECKY, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION TO AMEND COMPLAINT, SCREENING COMPLAINT, AND DIRECTING SERVICE OF PROCESS**

On December 3, 2019, the plaintiff filed a motion to amend his complaint before the Court screened his original complaint and before the defendants were served. Dkt. 9. The plaintiff's motion to amend, dkt. [9], is **denied without prejudice** because the proposed amended complaint is not a complete statement of the plaintiff's claims. The proposed amended complaint is not signed and does not contain a request for relief. The plaintiff may file one amended complaint without the Court's leave, so long as he files it before—or less than 21 days after—the defendants answer or move to dismiss his original complaint. Fed. R. Civ. P. 15(a)(1)(B). If the plaintiff files an amended complaint, he must include the proper case number, 1:19-cv-04166-JMS-DML, and the words "Amended Complaint" on the first page.

In the absence of an amended complaint, the Court will screen the plaintiff's original complaint.

# I.
# Screening the Complaint

The plaintiff is a prisoner currently incarcerated at Putnamville Correctional Facility. The events underlying his complaint occurred while he was incarcerated at Pendleton Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).  To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

# II.
# The Complaint

The complaint names three defendants: 1) Wexford Medical Company ("Wexford"), 2) L. Frye, and 3) Dushan Zatecky. Liberally construing the complaint, the plaintiff alleges that he suffers from asthma and a leg length discrepancy that affect his daily life. The defendants are aware of these conditions. The plaintiff requested medical orders that would 1) prevent correctional officers from using mace near him because it aggravates his asthma, 2) allow him to carry his

inhaler on his person when leaving his cell for over an hour, 3) allow him to use orthopedic mobile aids such as an adjustable-length cane, heel lifts, orthopedic shoes, and 4) require him to be housed in a bottom bunk on a lower range. Defendant L. Frye denied the plaintiff's requests for these accommodations on April 16, 2019.

The plaintiff alleges that Wexford maintains a policy or custom of refusing to accommodate inmates with medical disabilities and allowing correctional staff to have "authority of medical care" for its patients. He also alleges that Warden Dushan Zatecky maintains a policy or custom of denying accommodations to disabled inmates and interfering with Wexford's ability to provide medical care to disabled patients. Finally, the plaintiff alleges that as a result of the defendants' failures to accommodate his disabilities, he was handled roughly and suffered bruising, swelling, cuts, numbness, and pain. He seeks injunctive relief and monetary damages.

### III.
### Discussion of Claims

The plaintiff's allegations state Eighth Amendment deliberate indifference claims against all three defendants.

Furthermore, the allegations support claims under Section 504 of the Rehabilitation Act against Warden Dushan Zatecky in his official capacity. Although the plaintiff's complaint does not cite the Rehabilitation Act, "courts are supposed to analyze a litigant's claim and not just the legal theories that he propounds . . . especially when he is litigating pro se." *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012) (holding that complaint stated claim for relief under Rehabilitation Act despite not citing it).

This summary of claims includes all the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the

complaint, but not identified by the Court, he shall have **through March 27, 2020,** in which to identify those claims.

## IV.
## Service of Process

The clerk is **directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order. The clerk is **directed** to serve Warden Zatecky electronically.

**IT IS SO ORDERED.**

Date: 2/26/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

EARLIE B.A. BERRY, JR.
932151
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic Service to:

Warden Dushan Zatecky, Pendleton Correctional Facility


L. Frye, medical employee
PENDLETON CORRECTIONAL FACILITY
4490 W Reformatory Rd.
Pendleton, IN 46064

Wexford of Indiana, LLC
c/o Registered Agent, Corporation Service Co.
135 N. Pennsylvania St.
Ste. 1610
Indianapolis, IN 46204

Courtesy copy to:

Douglass A. Bitner
Katz Korin Cunningham, P. C.
The Emelie Building
334 North Senate Avenue
Indianapolis, IN 46204