UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EARLIE B.A. BERRY, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-04166-JMS-DML |
| WEXFORD MEDICAL COMPANY, et al. | ) ) ) |
| Defendants. | ) |

**ORDER DENYING MOTION TO REVOKE *IN FORMA PAUPERIS* STATUS**

On November 15, 2019, the Court reconsidered the plaintiff's motion for leave to proceed *in forma pauperis*. The Court determined that cases filed by the plaintiff in 2007 and previously relied on as "strikes" against the plaintiff were not in fact strikes because they were not expressly dismissed for either failure to state a claim or as frivolous or malicious pursuant to 28 U.S.C. § 1915(g). The Court later granted the plaintiff's motion for leave to proceed *in forma pauperis*. Defendant Dushan Zatecky now moves the Court to again revoke the plaintiff's *in forma pauperis* status based on four other cases that were brought by the plaintiff in 2007 that defendant Zatecky asserts are strikes. Of the four that defendant Zatecky asserts are strikes, three of them were brought in the Southern District of Indiana and one was brought in the Northern District of Indiana.

The three cases previously relied on as strikes, Case No. 1:07-cv-00231-RLY-WTL, Case No. 1:07-cv-234-SEB-WTL, Case No. 1:07-cv-235-RLY-JMS, and the three Southern District cases referenced by defendant Zatecky, Case No. 1:07-cv-00120-DFH-WTL, Case No. 1:07-cv-00226-LJM-TAB, and Case No. 1:07-cv-00230-LJM-JMS, were all civil rights cases that attempted to challenge prison disciplinary proceedings in violation of *Heck v. Humphrey*, 512 U.S. 477 (1994). All six Southern District of Indiana cases were dismissed with identical orders.

Defendant Zatecky concedes that the Court was correct that the first three were not strikes but does not detail why the other three identical orders should be treated differently.

Although all of the Southern District 2007 orders at issue set forth the standard for dismissal set forth 28 U.S.C. § 1915A(b), none of them dismiss the complaint for a specific reason under § 1915A(b). Instead they state that the cases are premature because the plaintiff's habeas action challenging the underlying prison disciplinary proceeding was still pending.

Strikes are assessed under 28 U.S.C. § 1915(g) when a prisoner's complaint is dismissed for failure to state a claim or as frivolous or malicious. But the categories of cases that can be dismissed under 28 U.S.C. § 1915A(b) are broader and include cases brought against defendants who are immune from suit. While one might infer from the three Southern District of Indiana orders that the plaintiff's cases were dismissed for failure to state a claim, "since most prisoners litigate their civil claims pro se, they should not be required to speculate on the grounds the judge could or even should have based the dismissal on." *Paul v. Marberry*, 658 F.3d 702, 706 (7th Cir. 2011).

While the Court could have dismissed these *Heck*-barred claims for failure to state a claim, or as frivolous or malicious (he filed numerous cases on the same disciplinary conviction), the orders did not specify the particular ground for dismissal under § 1915A(b). Thus, they cannot be counted as strikes. As the Seventh Circuit noted in *Paul*,

> It is true that had the plaintiff appealed any of his previous dismissals, we might have affirmed on a ground, different from the district judge's, that would have given him a strike. But that is different from giving a prisoner a strike, especially a third strike, when no court had mentioned a ground for dismissal specified in the statute for calling a strike.

*Id*. (citations omitted).

The Northern District of Indiana case cited by defendant Zatecky was about lost property rather than a prison disciplinary proceeding. In that case the court concluded: "Therefore, even

though Mr. Berry might have a state tort claim, he does not have a federal constitutional claim. For the foregoing reasons, this complaint is DISMISSED pursuant to 28 U.S.C. §1915A." *Berry v. Donahue*, No. 3:07-cv-42-RM (N.D. Ind. February 9, 2007). This case may be considered a strike, but the remaining cases raised by defendant Zatecky do not specifically dismiss the plaintiff's complaint for failure to state a claim or as frivolous or malicious. Instead, they were dismissed without prejudice as premature. The Court declines to assess the plaintiff's second and third strikes on cases which did not inform him specifically of a ground for dismissal that falls under 28 U.S.C. § 1915(g).

For these reasons, defendant Zatecky's motion to revoke the plaintiff's *in forma pauperis* status, dkt. [64], is **denied**.

**IT IS SO ORDERED.**

Date: 11/24/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

EARLIE B.A. BERRY, JR.
932151
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Heather Terese Gilbert
CASSIDAY SCHADE LLP
hgilbert@cassiday.com

Mollie Ann Slinker
INDIANA ATTORNEY GENERAL
mollie.slinker@atg.in.gov

Jordan Michael Stover
INDIANA ATTORNEY GENERAL
jordan.stover@atg.in.gov

Emily Kathleen VanTyle
CASSIDAY SCHADE LLP
evantyle@cassiday.com