UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EARLIE B.A. BERRY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04166-JMS-DML |
| | ) | |
| WEXFORD OF INDIANA, LLC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTIONS FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Earlie B.A. Berry, Jr., brought this civil rights action pursuant to 42 U.S.C. § 1983. Mr. Berry alleges that the defendants were deliberately indifferent to his asthma, carpal tunnel syndrome, and leg-length discrepancy. At screening, the Court also construed his complaint to raise a claim under the Rehabilitation Act against defendant Zatecky in his official capacity. Dkt. 18 at 3. Before the Court are the defendants' motions for summary judgment. For the reasons explained in this Order, the defendants are entitled to summary judgment on all of Mr. Berry's claims.

**I.
Summary Judgment Standard**

A motion for summary judgment asks the Court to find that the movant is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(a). A party must support any asserted disputed or undisputed fact by citing to specific portions of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party may also support a fact by showing that the materials cited by an adverse party do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations

must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the only disputed facts that matter are material ones—those that might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941–42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609–10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials and need not "scour the record" for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trustees of Indiana University*, 870 F.3d 562, 573–74 (7th Cir. 2017) (quotation marks omitted); *see also* Fed. R. Civ. P. 56(c)(3).

Mr. Berry failed to timely respond to the defendants' summary judgment motions. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant 'still ha[s] to show that summary judgment [i]s proper given the undisputed facts.'" *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021)

(quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)); *see also Gupta v. Melloh*, 19 F.4th 990, 998 (7th Cir. 2021) ("Taking the facts in the light most favorable to the non-moving party does not mean that the facts must come only from the non-moving party. Sometimes the facts taken in the light most favorable to the non-moving party come from the party moving for summary judgment or from other sources.").

## II.
## Factual Background

The following facts are drawn from the undisputed evidence or, where disputed, are set forth in the light most favorable to Mr. Berry, the non-moving party.

### A. The Parties

At all times relevant to his complaint, Mr. Berry was incarcerated at Pendleton Correctional Facility (Pendleton). The Indiana Department of Correction (IDOC) contracted with defendant Wexford of Indiana, LLC (Wexford) to provide medical services to inmates at Pendleton. Zatecky Declaration, dkt. 169-3 at 3. Defendant Frye was a Health Service Administrator employed by Wexford at Pendleton and defendant Zatecky was the Warden at Pendleton. *Id*. at 1.

### B. Mr. Berry's Medical Conditions and Accommodations

Mr. Berry suffers from asthma and carpel tunnel syndrome and his right leg is shorter than his left. Berry Deposition, dkt. 172-1 at 5, 12-13. To accommodate his asthma, correctional officers often remove him from an area before deploying oleoresin capsicum (OC) spray. *Id*. 7. He also wanted a medical order allowing him to take his inhaler with him when he left his cell, but defendant Frye denied his request. *Id*. at 17-19. To accommodate his carpel tunnel syndrome, he has a medical order to use wrist braces whenever he is handcuffed. *Id*. at 12. To accommodate his leg-length discrepancy, he is allowed to be handcuffed in front of his body to better maintain his balance. *Id*. at 12-13.

### C. Mr. Berry's Request for Further Accommodations and the Defendants' Responses

On April 14, 2019, Mr. Berry submitted a healthcare request form asking that a doctor order that a sign be posted outside his cell alerting security staff that they should not use mace around him due to his asthma. He also asked that a doctor order that he be allowed to carry his inhaler anytime he is outside his cell for more than an hour, and that he be allowed to use orthopedic aids at all times. Dkt. 169-2 at 5. Defendant Frye responded that IDOC does not allow medical staff to dictate to custody staff how to handle security issues or to post notices outside of an inmate's cell. *Id*. Mr. Berry then filed a grievance. *Id*. at 4. V. Shepherd responded to the grievance by stating that "the medical department does not play a role in determining how custody handles safety and security issues." *Id*. at 3. Mr. Berry appealed, and Warden Zatecky denied the grievance for the same reason. *Id*. at 1. The Warden further stated: "Staff will continue to apply safety and security measures in accordance with relevant Departmental Policies and Procedures." *Id*.

After defendants Frye and Zatecky responded to his healthcare request form and grievance appeal in April 2019, Mr. Berry was not affected by OC overspray and did not have any asthma attacks while he was incarcerated at Pendleton. Dkt. 172-1 at 11-12, 19. He recalls being handcuffed twice without his wrist braces and numerous times that guards did not follow the medical order in place to allow him to be handcuffed in front to better balance himself while walking. *Id*. at 12, 16.

On another occasion, Mr. Berry told Warden Zatecky that he had been placed in a cell that required him to go up and down stairs. *Id*. at 36-37. In response, Warden Zatecky arranged for Mr. Berry to be moved to a different cell on the same day. *Id*.

The Indiana Department of Correction website reflects that Mr. Berry was released from custody on or before March 30, 2022.[1]

## III.
## Discussion

**A. Deliberate Indifference Claims against Defendants Zatecky and Frye**

At all times relevant to Mr. Berry's claim, he was a convicted offender. Accordingly, his treatment and the conditions of his confinement are evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning, they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed but disregarded that risk. *Id.* at 837; *Pittman ex rel. Hamilton v. Cnty. of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014).

The defendants do not dispute that Mr. Berry's ailments constitute serious medical conditions. Instead, they argue that they were not deliberately indifferent to them.

---

[1] Available online at https://www.in.gov/apps/indcorrection/ofs/ofs, last visited August 2, 2022.

### 1. Refusal to Post Sign Regarding Use of OC Spray and Mr. Berry's Asthma

Mr. Berry's healthcare request form and grievance asked for a sign to be posted outside his cell to alert staff not to deploy OC spray in his presence. Dkt. 169-2 at 4-5. Although he reported that "E-squad" had come to his cell on April 11, 2019, he only alleged that they had been loud, threatening, and unruly. *Id*. He did not indicate that he suffered any harm during the interaction. And he testified at his deposition that he was never affected by OC overspray at Pendleton after this incident. The defendants are entitled to summary judgment on this claim because no reasonable juror could find that Mr. Berry suffered any damages as a result of the defendants' failure to order correctional officers not to use OC spray around him. *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) ("[W]e need not decide whether [the defendants'] conduct rose to the level of deliberate indifference because, even if it did, [the plaintiff] has not shown an injury as a result of their actions.").

### 2. Refusal to Order that Mr. Berry be Allowed to Carry Inhaler Outside His Cell

Second, Mr. Berry requested that he be allowed to carry his inhaler with him when he was outside his cell. But again, he suffered no damages as a result of the defendants' denial of his request. He did not suffer any asthma attacks. And although he sometimes felt like he needed to use his inhaler when he did not have it, he testified that he was also learning through medical education around this time that he needed the inhaler less than he previously thought. Dkt. 172-1 at 19. Therefore, the defendants are entitled to summary judgment on this claim. *Gabb*, 945 F.3d at 1033.

### 3. Failure to Ensure that Mr. Berry Wore Wrist Braces When Handcuffed

Next, Mr. Berry requested that he be allowed to "use orthopedic mobile aids" while being transported. Dkt. 169-2. At his deposition, he clarified that he had a medical order that he be

6

allowed to wear wrist braces when he was handcuffed, but that correctional officers were not following the order. Dkt. 172-1 at 12. He was transported with his hands cuffed without his wrist braces on two occasions after he filed his healthcare request form and grievance. Dkt. 172-1 at 13.

Defendants Frye and Zatecky are entitled to summary judgment on this claim because there is no evidence in the record that they were personally involved in any violation of Mr. Berry's constitutional rights. "For constitutional violations under § 1983 or *Bivens*, a government official is only liable for his or her own misconduct." *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015) (cleaned up). Thus "[a] damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'"). Defendant Frye, as a medical employee of Wexford, had no authority over correctional officers to ensure that they followed the medical order for wrist braces.

There is no evidence Warden Zatecky had knowledge that correctional officers were failing to follow the wrist-brace order. None of Mr. Berry's grievance records informed the Warden that officers were not using his wrist braces. Vague references in his grievance to "orthopedic mobile aids" were insufficient to put the Warden on notice of the problem. The Warden attests that he did not receive any other information from Mr. Berry that he was receiving inadequate treatment. Dkt. 169-3 at 3.

For these reasons, defendants Zatecky and Frye are entitled to summary judgment on this claim.

### 4. Failure to Ensure that Mr. Berry was Handcuffed in Front

Mr. Berry alleges that the defendants failed to ensure that correctional officers followed the medical order that he be handcuffed in front of his body to accommodate his leg length discrepancy. But for the same reasons as stated above, defendants Frye and Zatecky are entitled to summary judgment on this claim because there is no evidence that they were personally involved. Defendant Frye had no authority over correctional officers and Mr. Berry's grievance about "orthopedic mobile aids" did not put Warden Zatecky on notice that officers were not following the medical order to cuff him in front of his body.

### B. Policy Claim against Wexford

To prevail on his claim against Wexford, Mr. Berry must show that "he was deprived of a federal right" and "trace the deprivation" to a Wexford policy or custom. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021). *Id*. The causation standard is "rigorous" and requires the plaintiff to show "a 'direct causal link' between the challenged municipal action and the violation of [the plaintiff's] constitutional rights." *Id*. (citations omitted). Mr. Berry has presented no evidence of a Wexford policy that led to correctional officers failing to apply his wrist braces and place his hands in front of his body when handcuffing him. Further, there is no evidence that other inmates experienced similar disregard for disability accommodations. *Hildredth v. Butler*, 960 F.3d 420, 426–27 (7th Cir. 2020) (denying prisoner's policy claim in part because he only introduced evidence about delays in his own healthcare and not that of other inmates). Wexford is therefore entitled to summary judgment.

### C. Rehabilitation Act Claim against Warden Zatecky in his Official Capacity

To succeed on his claim under Section 504 of the Rehabilitation Act, Mr. Berry must show that "(1) he is a qualified person (2) with a disability, and (3) the [defendant] denied him access to

a program or activity because of his disability." *Jaros v. Illinois Dep't. of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012). Courts have interpreted "program or activity" broadly in the prison context to include things such as accessing meals and showers. *Id*. (collecting cases). But in this case, there is no evidence in the record that Mr. Berry was denied access to any aspect of prison life as a result of his disabilities. To the contrary, when Mr. Berry informed Warden Zatecky that he had been placed in a cell that required him to use stairs, the Warden ensured that Mr. Berry was assigned to a new cell on the same day. Defendant Zatecky is entitled to summary judgment on this claim.

## IV.
## Conclusion

For the reasons stated above, the defendants' motions for summary judgment, dkt. [169] and dkt. [172], are **granted**. Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 8/10/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

EARLIE B.A. BERRY, JR.
932151
ALLEN COUNTY JAIL
417 S. Calhoun St.
Ft. Wayne, IN 46802

Bryan Findley
CASSIDAY SCHADE LLP
bfindley@cassiday.com

Heather Terese Gilbert
CASSIDAY SCHADE LLP
hgilbert@cassiday.com

Amanda Jo Holbrook
Office of the Indiana Attorney General
amanda.holbrook@atg.in.gov